

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| ANTHONY AGULTO ASCURA, | Criminal Case No. 96-00029 |
| Petitioner, | Civil Case No. 98-00051 |
| vs. | |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent. | |

Petitioner Anthony Agulto Ascura ("Ascura") filed a Motion for Relief from Judgement pursuant to FED.R. CIV. P. 60(b)(6) ("Motion").[1] The Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78. After considering Ascura's request, the Court DISMISSES his motion for lack of jurisdiction.

### BACKGROUND

On February 15, 1996, Ascura pled guilty to one count of Conspiracy to Import Methamphetamine and Heroin, one count of Attempted Possession of Methamphetamine with Intent to Distribute and one count of Attempted Possession of Heroin with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, 963 and 18 U.S.C. § 2. On October 1, 1996, the Court sentenced Ascura to two hundred thirty-five (235) months imprisonment. The judgment of conviction was entered on the docket on October 2, 1996. On October 3, 1996, Ascura filed an appeal with the Ninth Circuit Court of Appeals ("Ninth Circuit"). On January 23, 1998, the Ninth Circuit affirmed Ascura's conviction. *United States v. Anthony Agulto Ascura*, No. 96-10458 (9th Cir. January 23, 1998). *See* Docket No. 39. On September 8, 1998,

---

[1] The actual title of Ascura's motion is "Defendant's Motion for Relief from Judgment and Order Denying His 28 U.S.C. § 2255 Motion, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure as an Independent Action." Docket No. 53.

Ascura filed a motion pursuant to 28 U.S.C. § 2255, requesting the Court to vacate his conviction. *See* Docket Nos. 42 and 43. This Court denied Asura's petition on January 15, 1999. Docket No. 47. Requests for a certificate of appealability with respect to Ascura's § 2255 petition were denied by the District Court on April 1, 1999 and by the Ninth Circuit on September 21, 1999. Docket Nos. 49 and 52. Ascura, incarcerated and *pro se*, brought this motion pursuant to FED. R. CIV. P. 60(b)(6). *See,* Docket No. 53.

## ANALYSIS

Ascura seeks relief requesting the Court to reconsider its decision regarding the denial of Ascura's § 2255 petition. He asserts that his conviction is invalid and should be vacated in light of the Ninth Circuit's June 6, 2003 decision in *United States v. Cabaccang*, 332 F.3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc).

*Ascura's claim is not cognizable under FED. R. CIV. P. 60(b)(3).* The Ninth Circuit, has recognized that "[i]n most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), . . . the Rule 60(b) motion should be treated as a successive habeas petition." *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965, 119 S. Ct. 3 (1998). As the Supreme Court recently noted,

> . . . a [Rule 60(b)] motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. . . . Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, . . . use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.

*Gonzalez v. Crosby*, 125 S.Ct. 2641, 2647-48 (2005).[2] Consistent with the Supreme Court's observation, here, Ascura seeks to have his motion reconsidered in light of a new Ninth Circuit decision in *Cabaccang*. Ascura is essentially seeking to raise a new claim. Accordingly, Ascura's request, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition." *Id.*

*Ascura's Motion as a Second or Subsequent Habeas Petition.* The Court has determined that the motion is more properly considered as a successive habeas petition. The instant matter constitutes Ascura's second petition for § 2255 habeas relief. Ascura has yet to receive certification from the Ninth Circuit to file a successive motion pursuant to 28 U.S.C. §§ 2244(b)(2) and 2255. As such, this Court lacks jurisdiction to consider the present motion. Accordingly, Ascura's motion is hereby DISMISSED.

Moreover, Ascura fails to show extraordinary circumstances sufficient to excuse the untimely filing of his motion, regardless of how it is construed. *See Hamilton v. Newland,* 374 F.3d 822, 825 (9th Cir. 2004) ( Rule 60(b)(6) is available only where extraordinary circumstances prevented a party from taking timely action to correct an erroneous judgment). Assuming arguendo, that Ascura's motion is cognizable under Rule 60(b), the Rule indicates, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [for] any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion must be made "within a reasonable time." *Id.* In addition, a movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. *See Gonzalez,* 125 S.Ct. at 2649. A district court considering a Rule 60(b) motion will often take into account factors such as "the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations." *Id.* at 2652.

Ascura requests the court to reconsider its prior denial of his motion in light of the *Cabaccang* decision. He also contends the *Cabaccang* decision itself constitutes extraordinary circumstances. Ascura acknowledges a significant amount of time has passed since his original

---

[2] The *Gonzalez* Court specifically stated its decision did not apply to § 2255 proceedings. 125 S.Ct. at 2646 n. 3.

petition was denied by this Court (six years and seven months).[3] Despite this fact, Ascura claims that under the circumstances, the instant motion was filed within a reasonable time. Likewise, Ascura claims that extraordinary circumstances justify reopening the proceedings.

The Court need not reach whether the circumstances cited by Ascura establish "extraordinary circumstances." Even assuming that these circumstances qualify to constitute legitimate "extraordinary circumstances" that prevented Ascura from taking action from January 1999 to June 2003, these circumstances did not prevent Ascura from taking timely action after the decision in *Cabaccang* was rendered in June 2003.

Ascura offers no valid explanation for his two-year delay between June 2003 and August 2005. Nothing prevented the petitioner from taking timely action during this period. Indeed, Ascura's filing of the instant motion and his statements in that motion demonstrate that, Ascura understood both his factual situation and the potential applicability of the *Cabaccang* decision *See Hamilton v. Newland,* 374 F.3d 822, 825 (9th Cir.2004); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (in equitable tolling context, petitioner "must show that the 'extraordinary circumstances' were the cause of his untimeliness"). In the present case, no extraordinary circumstances justify Ascura's untimeliness. Therefore, assuming Ascura's is properly brought pursuant to Rule 60(b), the Court finds the motion was not made "within a reasonable time" and must be DENIED.

**IT IS SO ORDERED** this **06** day of April, 2006.

ROGER T. BENITEZ
United States District Judge

---

[3] The Court also notes that an excess of two years passed after the *Cabaccang* decision before Ascura filed the instant motion.

\* The Honorable Roger T. Benitez, United States District Judge for Southern California, sitting by designation.